## LYNSKEY v. GREAT LAKES TRANSIT CORPORATION.

No. 2129.

District Court, W. D. New York.

Jan. 19, 1942.

Desmond & Drury, of Buffalo, N. Y., for plaintiff.

William M. Connelly, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

Plaintiff sued under the Jones Act, 46 U.S.C.A. § 688, to recover damages on account of injuries claimed to have resulted from a fall on the vessel of the defendant corporation. Trial of the suit resulted in a verdict of no cause of action. The plaintiff now sues for maintenance and cure. By consent it has been tried by the Court. The plaintiff sustained some injuries from the fall aforesaid. Immediately thereupon, and on November 17, 1940, he entered the Marine Hospital at Buffalo, New York, where he received treatment and maintenance and remained continuously until February 24, 1941. On the last-named date he was discharged to out patient treatment. On at least two occasions after February 24, 1941, and prior to April 1, 1941, he had treatments at the hospital. On or about May 1, 1941, he went back to work at his former employment as a fireman on a vessel.

He was furnished maintenance and cure for upwards of three months following the injury. The means and opportunity for any further care and maintenance were offered. Of his own will he left the hospital.

The plaintiff was entitled to maintenance and cure. But maintenance and cure, as intended by the law, does not mean maintenance and cure until recovery. The maintenance and cure to which a sailor is entitled is to be determined by the facts in each particular case. They are to be allowed for a reasonable time after the return of the vessel to port, and such time, as stated, is to be determined by the facts in the particular case. "The word cure * * * is used, however, in its original meaning of care and means proper care, not a positive cure which may be impossible. The duty, which must have arisen before termination of voyage and wage relation, continues thereafter for a reasonable time determinable in each case by reference to its facts." Benedict on Admiralty, 6th Ed., Vol. 1, sec. 83, p. 253. See also numerous cases there cited. Plaintiff here has received maintenance and cure to which he is entitled under the law. It is to be noted in the instant case that the plaintiff while at the Marine Hospital received medical attention not related to the injuries in question.

The libel must be dismissed without cost.